UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GENE TORRES, et al.,

    Plaintiffs,

    v.

SANTA ROSA MEMORIAL HOSPITAL, et al.,

    Defendants.

_____/

No. C 12-6364 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Defendants' motions to dismiss came on for hearing before this court on May 22, 2013. Plaintiffs Michael Gene Torres; Michael G. Torres, Jr.; Robert Sexton; Zenaida Stilley; and Diane Torres ("plaintiffs") appeared through their counsel, Douglas Fladseth. Defendants Santa Rosa Memorial Hospital and St. Joseph Health System ("the Hospital defendants") appeared through their counsel, Cameron Whitehead. Counsel for defendant Glenn T. Meade, M.D. ("Meade") was not able to attend the hearing. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the Hospital defendants' motion to dismiss and GRANTS Meade's motion to dismiss, for the reasons stated at the hearing, and summarized as follows.

As a threshold matter, the court finds that no claims can be asserted directly by the decedent, Michael Gene Torres, and orders his name stricken from the complaint and the case caption. Any claims on his behalf may be asserted by his son, Michael G. Torres, Jr., or by the personal representative of the decedent's estate, Robert Sexton.

The court also finds that certain plaintiffs lack standing to bring their claims. Plaintiffs' second cause of action is brought under Welfare & Institutions Code § 15657, and plaintiffs concede that this claim belongs to the decedent. Thus, it may be asserted by

either decedent's son or by the personal representative of his estate. For that reason, to the extent that plaintiffs Zenaida Stilley and Diane Torres assert claims for a violation of Welfare & Institutions Code § 15657, their claims are DISMISSED for lack of standing.

Plaintiffs' third cause of action asserts a claim for general negligence, and may be brought by a decedent's spouse, children, or issue of deceased children, or by anyone who was financially dependent on the decedent. Plaintiffs do not allege that Robert Sexton or Diane Torres fall into either of those categories, and plaintiffs concede that they lack standing to bring this claim. Thus, to the extent that plaintiffs Robert Sexton and Diane Torres assert general negligence claims, those claims are DISMISSED with prejudice for lack of standing. As to plaintiff Zenaida Stilley, she may have standing to bring a negligence claim, but the complaint does not adequately allege that she was financially dependent on the decedent. Thus, plaintiff Stilley's negligence claim is DISMISSED with leave to amend, so that she may properly allege such financial dependence.

Plaintiffs' first cause of action is brought under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), which may be brought against a hospital by any individual who suffers harm as a result of a violation. Defendant Meade correctly argues that an EMTALA claim may not be asserted against a physician, and plaintiffs concede that argument. Thus, the first cause of action is DISMISSED with prejudice as to defendant Meade. As to the EMTALA claims brought by the other plaintiffs against the Hospital defendants, the court first notes that plaintiffs have not adequately alleged the harm that they each suffered, which is necessary to establish standing. The complaint generally alleges that the plaintiffs suffered harm, but does not differentiate between the plaintiffs with regard to the harm suffered. Moreover, the complaint is not clear as to which EMTALA prong the plaintiffs intend to assert their claims: the "failure to screen" prong or the "failure to stabilize" prong (or both). In their opposition, plaintiffs indicate that they believe the Hospital defendants failed to screen on two separate occasions: once when the decedent first arrived at the hospital, and again when he remained on the hospital grounds after

being discharged.  However, these allegations are not made clear in the complaint, and for that reason, the court DISMISSES plaintiffs' first cause of action with leave to amend.  In the amended complaint, plaintiffs must identify:  (1) which plaintiffs are asserting this claim; (2) the specific harm suffered by each plaintiff; (3) the specific EMTALA prong that the Hospital defendants allegedly violated; and (4) the specific conduct that constituted each violation.  And to the extent that plaintiffs allege that the Hospital defendants failed to screen the decedent, plaintiffs must explain whether they allege that the Hospital failed to conduct any screening examination, or whether they allege that the screening examination was cursory.  Plaintiffs are further directed to review Jackson v. East Bay Hospital, 246 F.3d 1248 (9th Cir. 2001), for the requirements of an EMTALA claim.

Plaintiffs' second cause of action is brought under California Welfare & Institutions Code § 15657, which imposes liability for "for physical abuse as defined in Section 15610.63, or neglect as defined in Section 15610.57."  Plaintiffs do not specify under which prong they intend to proceed, but it appears that the "neglect" statute is more applicable to plaintiffs' allegations.  Section 15610.57 imposes liability for the "negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise."  Plaintiffs have not adequately alleged that the decedent was either an "elder" or a "dependent adult" as required by the statute, and at the hearing, plaintiffs' counsel was still unable to articulate any facts suggesting that the decedent could be classified under either of those two categories.  Thus, plaintiffs' second cause of action is DISMISSED.  The court will grant plaintiffs one opportunity to amend their complaint to attempt to state a claim for a Welfare & Institutions Code violation.

Plaintiffs have until **June 19, 2013** to file an amended complaint in accordance with this order.  No new causes of action or parties may be added without leave of court or a stipulation of all parties.  Defendants have until **July 10, 2013** to answer or otherwise respond to the amended complaint.  If the response is another motion to dismiss, it should

be noticed in accordance with the local rules, but the court will likely not hold any further hearings on the pleadings.

**IT IS SO ORDERED.**

Dated: May 28, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge